IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2005 MAY 23 P 4: 10
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DIST. ALA.

| | |
|---|---|
| JULIE ANN MANGINA, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 2:05-cv- 485 |
| CONSECO FINANCE CORP, ) GREEN TREE SERVICING, LLC, ) and ) CHRISTY MARIE GLENN KNIGHT, ) | JURY DEMAND |
| Defendants. ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §1331 and §1343 and the doctrine of supplemental jurisdiction to obtain compensatory and punitive damages. Defendants violated Plaintiff's rights as guaranteed by Federal law, more particularly the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

2. The violations of Plaintiff's rights as alleged herein occurred in Jefferson County, Alabama, and were committed within the Northern District of the State of Alabama.

### PARTIES

3. Plaintiff Julie Ann Mangina ("Mangina") is over the age of 19 and is a resident of Jefferson County, Alabama.

4. Defendant Christy Marie Glenn Knight (hereinafter, "Knight."), is over the age of 19 and is a resident of Jefferson County, Alabama.

5. Defendant Conseco Finance Corp. (hereinafter, "Conseco"), is business entity doing business

in Alabama whose primary place of business is Rapid City, South Dakota.

6. Defendant Green Tree Servicing, LLC, (hereinafter, "Green Tree"), is a business entity located at 3500 Blue Lake Drive, Birmingham, Alabama 35243.

## FACTS

7. On or about June 9, 2003, defendants Knight, Conseco and Green Tree attempted to obtain a consumer report on Plaintiff from TransUnion for an improper purpose by falsely representing to the corporate defendants that said report was being requested by Conseco and/or Green Tree for the purpose of application for credit when, in fact, Plaintiff had not applied for credit and was not interested in receiving credit.

8. At all times relevant, defendant Knight was an employee of Green Tree. Knight, using her position as an employee of Green Tree, availed herself of the opportunity to run a credit report on the plaintiff. It is assumed that the credit report must be run through the associate company, Conseco.

9. On or about June 9, 2003, defendant Knight succeeded in obtaining a consumer report on Plaintiff through the use of her position as an employee of the corporate defendants for an improper purpose.

10. The said consumer report obtained by Knight was a "consumer report" within the meaning of 15 U.S.C. § 1681a(d).

11. The said consumer report was not furnished to the defendants for one of the purposes enumerated in 15 U.S.C. § 1681b.

12. Defendant Knight obtained the consumer report under false pretenses in knowing and willful violation of 15 U.S.C. § 1681(b) and 15 U.S.C. § 1681(q).

13. The corporate defendants negligently or willfully failed to comply with 15 U.S.C. § 1681e,

in that they failed to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under 15 U.S.C. § 1681b.

14. It is believed that defendant Knight caused the said consumer report to be published to third parties.

15. Plaintiff has been damaged and injured by the willful and/or negligent acts of the defendants in that she has been caused to suffer humiliation, embarrassment, severe emotional distress and extreme mental anguish.

## CAUSES OF ACTION

16. Plaintiff expressly adopts as if fully set forth herein each and every allegation of each foregoing paragraph.

## COUNT I – WILLFUL VIOLATION OF FCRA

17. Defendant Knight willfully obtained a consumer report under false pretenses in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681(q), which imposes a requirement upon a user not to obtain information under false pretenses, and which gives rise under 15 U.S.C. § 1681(n) to civil liability for compensatory and punitive damages and costs and attorneys fees as against a user of information who obtains credit information under false pretenses.

18. The willful conduct on the part of Knight was accomplished for an improper and evil purpose, to wit: to gain advantage in a civil lawsuit regarding a domestic dispute.

19. As a proximate consequence of the defendant's willful violation of the Fair Credit Reporting Act the Plaintiff has been embarrassed and humiliated and emotionally distressed.

## COUNT II – NEGLIGENT VIOLATION OF FCRA (Conseco and Green Tree)

20. Conseco and Green Tree negligently obtained a consumer report under false pretenses in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681(q), which imposes a

requirement upon a user not to obtain information under false pretenses, and which gives rise under 15 U.S.C. § 1681(o) to civil liability for compensatory damages and costs and attorneys fees as against a user of information who obtains credit information under false pretenses.

21. As a proximate consequence of the Defendants' negligent violation of the Fair Credit Reporting Act the Plaintiff has been embarrassed and humiliated and emotionally distressed.

## COUNT III – INVASION OF PRIVACY UNDER STATE LAW
## (KNIGHT)

22. Knight invaded the Plaintiff's right to privacy in violation of the common law of the State of Alabama by attempting to obtain and on one occasion obtaining a consumer report on her under false pretenses.

23. Knight intentionally interfered with Plaintiff's interest in solitude and seclusion by intruding into her private affairs and concerns.

24. As a proximate consequence of Knight's invasion of Plaintiff's privacy Plaintiff has been embarrassed and humiliated and emotionally distressed.

## COUNT VII – WILLFUL VIOLATION OF ALA. CODE §§ 13A-8-192 and 13A-9-18
## (KNIGHT)

25. Pursuant to § 13A-8-192, Code of Alabama 1975, Alabama law makes it a crime to commit identity theft.

26. Alabama law defines the crime of identity theft relevant to this action as follows: "[a] person commits the crime of identity theft if, without the authorization, consent, or permission of

the victim, and with the intent to defraud for his or her own benefit or the benefit of a third person, he or she ... obtains, records, or accesses identifying information that would assist in accessing financial resources, obtaining identification documents or obtaining benefits of the victim [or] obtains goods or services through the use of identifying identification of the victim."

27. Ala. Code § 13A-8-199 provides a civil remedy by way of an action for damages.

28. Ala. Code § 13A-9-18 makes it a crime to commit criminal impersonation.

29. Alabama law defines the crime of criminal impersonation relevant to this action as follows: "[a] person commits the crime of criminal impersonation if he ... assumes a false identity and does an act in his assumed character with intent to gain an economic benefit for himself or another or to injure or defraud another."

30. Knight conspired to commit the crime of identity theft, and she did commit the crime of identity theft.

31. Knight committed the crime of criminal impersonation.

32. Plaintiff has been damaged and injured as a result, in that she has been embarrassed, humiliated, and emotionally distressed.

## COUNT VIII – VIOLATION OF FCRA
## (CORPORATE DEFENDANTS)

33. The corporate defendants willfully violated the Fair Credit Reporting Act by obtaining Plaintiff's consumer report under false pretenses. Specifically, the corporate defendants are either guilty of willful or negligent noncompliance pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

34. The corporate defendants were under a legal duty to Plaintiff and others similarly situated

to set in place and to maintain as against the Cheeks such policies, practices, and procedures as would prevent violations of the Fair Credit Reporting Act.

35. The corporate defendants wantonly, recklessly, or negligently breached their duty to Plaintiff and others similarly situated by violating the Fair Credit Reporting Act.

36. As a direct and proximate consequence of the said willful violation, Plaintiff has been damaged and injured in that she has been embarrassed, humiliated and emotionally distressed.

WHEREFORE, the premises considered, Plaintiff demands judgment against the defendants, and each and all of them for compensatory damages in the amount of $5,000,000.00 and punitive damages in the amount of $5,000,000.00, plus costs, attorney's fees, and such other relief as may be just and proper.

Dated this the 23rd day of May, 2005.

_____
ANDY NELMS (NEL0220)
Attorney for Plaintiff

OF COUNSEL:
THE LAW OFFICES OF JAY LEWIS, LLC
847 S. McDonough Street
Montgomery, Alabama 36104
(334) 263-7733
andynelms@jaylewislaw.com

**PLAINTIFF DEMANDS TRIAL BY JURY**