IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JULIE ANN MANGINA,                          )
                                            )
                    *Plaintiff,*            )
                                            )
vs.                                         )    CIVIL ACTION NO. 2:05-cv-485-B
                                            )
CONSECO FINANCE CORP.,                      )
GREEN TREE SERVICING, LLC, and              )
CHRISTY MARIE GLENN KNIGHT,                 )
                                            )
                    *Defendants.*           )


## ANSWER OF CHRISTY MARIE GLENN KNIGHT

NOW COMES **CHRISTY MARIE GLENN KNIGHT**, one of the defendants herein, and answers the respective paragraphs of the plaintiff's Complaint as follows:

    1.    This defendant admits that the Court has jurisdiction over this matter.

    2.    Denied.

    3.    Admitted on information and belief.

    4.    Admitted.

    5.    Admitted on information and belief.

    6.    Admitted on information and belief.

    7.    Denied.

    8.    Defendant Knight admits that she was and is an employee of Defendant Green Tree. The remaining allegations of Paragraph 8 are denied.

    9.    Denied.

    10.   Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. This defendant's responses to Paragraphs 1 through 15 are incorporated herein by reference.

17. Denied.

18. Denied.

19. Denied.

20. No response is required of this defendant, however, if it is deemed that a response is required, this defendant denies the allegations of this paragraph.

21. No response is required of this defendant, however, if it is deemed that a response is required, this defendant denies the allegations of this paragraph.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31.    Denied.

32.    Denied.

33.    No response is required of this defendant, however, if it is deemed that a response is required, this defendant denies the allegations of this paragraph.

34.    No response is required of this defendant, however, if it is deemed that a response is required, this defendant denies the allegations of this paragraph.

35.    No response is required of this defendant, however, if it is deemed that a response is required, this defendant denies the allegations of this paragraph.

36.    No response is required of this defendant, however, if it is deemed that a response is required, this defendant denies the allegations of this paragraph.

## **ADDITIONAL DEFENSES**

### **FIRST DEFENSE**

Plaintiff's claims of punitive damages violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant, upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

(b)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different

alleged acts of wrongdoing, which violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of an award of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which violates the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

(g)     The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

## SECOND DEFENSE

Plaintiff's claims of punitive damages violate the Due Process Clause of Article I, Section 6 of the Constitution of Alabama, on the following grounds:

(a)    It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant, upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" standard required in criminal cases.

(b)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant.

(c)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague.

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages.

(e)    An award of punitive damages in this case would constitute a deprivation of property without the process of law.

## THIRD DEFENSE

An award of punitive damages to the plaintiff herein would constitute a deprivation of this defendant's property without due process of law, in violation of rights secured to this defendant under the Fifth and Fourteenth Amendment of the United States Constitution.

## FOURTH DEFENSE

An award of punitive damages to the plaintiff herein would contravene the rights afforded to this defendant by Article I, Section 6 of the Constitution of the State of Alabama, in that it would deprive this defendant of property without due process of law.

## FIFTH DEFENSE

The imposition of punitive damages in a civil action based upon the burden of proof applicable therein deprives this defendant of the constitution rights afforded to her by the Fifth and Fourteenth Amendments of the Constitution of the United States and Article I, Section 6 of the Constitution of the State of Alabama, by depriving this defendant of her property without due process of law. Such damages amount to a fine, or the equivalent of criminal punishment and, therefore, should be subject to the same burden of proof that exists in a criminal prosecution.

## SIXTH DEFENSE

The imposition of punitive damages in a civil action operates to deprive this defendant of its property without the process of law in contravention of the rights afforded to her by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the Constitution of the State of Alabama. The imposition of such damages amounts to punishment and/or a fine which should only be administered within the criminal justice system.

-6-

## SEVENTH DEFENSE

Under Alabama law, the grant of wholly standardless discretion to the jury to determine the severity of punishment in damages by clear and convincing evidence deprives this defendant of the rights afforded to her by the Fifth and Fourteenth Amendments to the Constitution of the United States, in that the same amounts to a deprivation of property without due process of law.

## EIGHTH DEFENSE

The law of the State of Alabama, by failing to require that the plaintiff prove its entitlement to an award of punitive damages by clear and convincing evidence, deprives this defendant of the rights afforded to her by Article I, Section 6 of the Constitution of the State of Alabama, in that the same operates to deprive this defendant of her property without due process of law.

## NINTH DEFENSE

Plaintiff's claims for punitive damages against this defendant cannot be sustained because an award of punitive damages under Alabama law is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount regarding the amount of punitive damages that a jury may impose. This violates this defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6, of the Alabama Constitution.

## TENTH DEFENSE

Any award of punitive damages in this case based on any consideration other than this defendant's conduct with respect to the subject of this lawsuit, would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, as incorporated into the Fourteenth Amendment, and the applicable provisions of the Alabama Constitution pertaining to due process and double jeopardy.

## ELEVENTH DEFENSE

The law of the State of Alabama, in failing to provide for definite standards and meaningful criteria for an award of punitive damages, is inconsistent with due process and violates the rights afforded to this defendant by the Fifth and Fourteenth Amendments to the Constitution of the United States, in that the same amounts to a deprivation of property without due process of law and a denial of equal protection of the laws.

## TWELFTH DEFENSE

An award of punitive damages in this case by the jury would violate this defendant's rights secured by the Constitution of the United States under the Fifth and Fourteenth Amendments and Article I, Section 6 of the Alabama Constitution, in that the same would deprive this defendant of its property without due process of law because in this unbifurcated proceeding, evidence will be admitted on the issue of damages which will unfairly influence the fact finder in resolving the issue of liability.

**THIRTEENTH DEFENSE**

The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

**FOURTEENTH DEFENSE**

This defendant avers that if any award of punitive damages is rendered in this case, the same should be apportioned among the joint tortfeasors in accordance with their respective degrees of culpability or wrongdoing. This defendant avers that if a verdict is rendered against her in this case as a joint tortfeasor, and judgment is entered thereon against her for punitive damages which is not apportioned in accordance with this defendant's alleged culpability and/or wrongdoing, then such an award would violate the due process rights guaranteed to this defendant under the Fifth and Fourteenth Amendments of the Constitution of the United States.

**FIFTEENTH DEFENSE**

This defendant avers that if any award of punitive damages is rendered in this case, the same should be apportioned among the joint tortfeasors in accordance with their respective degrees of culpability or wrongdoing. This defendant avers that if a verdict is rendered against her in this case as a joint tortfeasor, and judgment is entered thereon against her for punitive damage which is not apportioned in accordance with this defendant's alleged culpability and/or wrongdoing, then such an award would violate the

due process rights afforded to this defendant under the Fourteenth Amendment to the Constitution of the United States.

### SIXTEENTH DEFENSE

This defendant avers that if any award of punitive damages is rendered in this case, the same should be apportioned among the joint tortfeasors in accordance with their respective degrees of culpability or wrongdoing. This defendant avers that if a verdict is rendered against her in this case as a joint tortfeasor, and judgment is entered thereon against her for punitive damages which is not apportioned in accordance with this defendant's alleged culpability and/or wrongdoing, then such an award would violate the due process rights guaranteed to this defendant under the laws of the United States, and the Constitution of the United States Amendments Five, Six, Eight, and Fourteen; and the laws of the State of Alabama and Article I, Sections 6, 9, and 15 of the Constitution of Alabama, in that this defendant could have to pay, in whole or in part, punitive damages that are assessed not because of this defendant's conduct, culpability, or wrongdoing, but because of the wrongful conduct, culpability or wrongdoing or another defendant.

### SEVENTEENTH DEFENSE

This defendant avers that the laws of the State of Alabama, by failing to provide for joint contribution and apportionment of damages among defendants, and/or any person or entity responsible for injury or damage to the plaintiff, deprives this defendant of property without due process of law in violation of the Fifth and Fourteenth Amendments

to the Constitution of the United States and Section 6, Article I of the Constitution of Alabama.

### EIGHTEENTH DEFENSE

This defendant avers that the laws of the State of Alabama, by failing to provide for joint contribution and apportionment of punitive damages among joint tortfeasors and other responsible parties, denies to this defendant the equal protection of the law in violation of the Fourteenth Amendment to Constitution of the United States. Such is contrary to that portion of the Fourteenth Amendment proscribing any state from denying to any person within its jurisdiction the equal protection of the law. The law of the State of Alabama discriminates against this defendant in favor of other defendants guilty of negligence, wantonness or other wrongdoing.

### NINETEENTH DEFENSE

This defendant avers that the imposition of an award of punitive damages against her in this case based upon the principal of joint and several liability deprives this defendant of its property without due process of law in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States.

### TWENTIETH DEFENSE

This defendant avers that the imposition of an award of punitive damages against her in this case based upon the principal of joint and several liability, for the acts of one or more co-defendants, would deprive this defendant of her property without due process of

law in violation of the rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

## TWENTY-FIRST DEFENSE

This defendant avers that the imposition of punitive damages against her in this case based on the theory of joint and several liability and/or vicarious liability based upon the act of another co-defendant or co-defendants, would deprive this defendant of her property without due process of law in violation of the rights guaranteed to this defendant under Section 6, Article I of the Constitution of Alabama.

## TWENTY-SECOND DEFENSE

The failure of the law of the State of Alabama to make provisions for the impositions of but one assessment of damages against joint tortfeasors, despite differing degrees of culpability and wrongdoing, unreasonably acts to establish a classification against this defendant for acts of negligence, wantonness, misrepresentation, fraud, or other wrongdoing that this defendant did not commit, in violation of the rights guaranteed this defendant under the Fourteenth Amendment of the Constitution of the United States, and the provisions of the Constitution of Alabama which require that the state afford all persons equal protection of the law.

## TWENTY-THIRD DEFENSE

This defendant avers that the law of the State of Alabama, by imposing joint and several liability on this defendant for the acts of others, operates to create an arbitrary and

capricious method and manner for the jury's assessment and determination of damages, without regard for the quality and quantity or culpability of other defendants joined in this action and, thereby, deprives this defendant of her property without due process of law in violation of Amendments Five and Fourteen to the Constitution of the United States and Article I, Section 6 of the Constitution of Alabama.

## TWENTY-FOURTH DEFENSE

This defendant avers that the law of the State of Alabama, by failing to provide for the apportionment of punitive damages among joint tortfeasors, violates the constitutional rights guaranteed to this defendant under the Fifth and Fourteenth Amendments to the Constitution of the United States, in that the same amounts to deprivation of this defendant's property without due process of law.

## TWENTY-FIFTH DEFENSE

This defendant avers that the law of the State of Alabama, by failing to provide for joint contribution and an apportionment of damages among defendants, deprives this defendant of property without due process of law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and Section 6, Article I of the Constitution of Alabama.

## TWENTY-SIXTH DEFENSE

This defendant avers that the law of the State of Alabama, by failing to provide for the apportionment of punitive damages among joint tortfeasors, violates the constitutional

rights guaranteed to this defendant under the Fourteenth Amendment of the Constitution of the United States in that the same is a violation of this defendant's' rights to equal protection of the law.

## TWENTY-SEVENTH DEFENSE

This defendant avers that the laws of the State of Alabama, by failing to provide for joint contribution and an apportionment of punitive damages, denies to this defendant the equal protection of the law in violation of the Fourteenth Amendment to the Constitution of the United States. Such is contrary to that portion of the Fourteenth Amendment proscribing any state from denying to any person within its jurisdiction the equal protection of the laws. The law of the State of Alabama discriminates against this defendant in favor of other defendants guilty of negligence, wantonness, fraud, misrepresentation or other wrongdoing.

## TWENTY-EIGHTH DEFENSE

This defendant avers that the law of the State of Alabama, by failing to provide for the apportionment of punitive damages among joint tortfeasors, violates the constitutional rights guaranteed to this defendant under the Eighth and Fourteenth Amendments to the Constitution of the United States, in that the same amounts to an excessive fine.

## TWENTY-NINTH DEFENSE

The defendant avers that if an award of punitive damages is entered against her in this cause based upon the principle of vicarious liability, then such an award would violate

the principles underlying an award of punitive damages, and defeat the purpose of an award of punitive damages, which is to punish the wrongdoer and deter him and others from similar conduct.

### THIRTIETH DEFENSE

This defendant avers that any award of punitive damages to the plaintiff herein would be violative of the procedural safeguards guaranteed to this defendant under the Sixth Amendment to the Constitution of the United States. Punitive damages are penal in nature and, consequently, this defendant is entitled to the same procedural safeguards accorded to criminal defendants.

### THIRTY-FIRST DEFENSE

This defendant avers that it is violative of the Self-Incrimination Clause of the Fifth Amendment of the Constitution of the United States to impose punitive damages against her, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

### THIRTY-SECOND DEFENSE

This defendant avers that it is violative of the rights guaranteed by the Constitution of the United States and the Constitution of Alabama to impose punitive damages against this defendant, which are penal in nature, by requiring a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

## THIRTY-THIRD DEFENSE

An award of punitive damages in this case would subject this defendant to double jeopardy, in violation of the Fifth Amendment of the United States Constitution and Article I, Section 9 of the Alabama Constitution.

## THIRTY-FOURTH DEFENSE

The plaintiff's claims for punitive damages herein cannot be sustained because an award of punitive damages under state law without the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate this defendant's rights under the Fourteenth Amendment of the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated in the Fourteenth Amendment, and the applicable provisions of the Constitution of Alabama pertaining to due process.

## THIRTY-FIFTH DEFENSE

An award of punitive damages against this defendant on any basis other than a basis which is proportionate to this defendant's culpability or wrongdoing, amounts to a grossly disproportionate award in violation of the principles underlying an award of punitive damages, and in violation of the rights guaranteed to this defendant under the Fifth and Fourteenth Amendments of the Constitution of the United States. Such amounts to a deprivation of property without due process of law, and is violative of other rights

guaranteed to this defendant by the Eighth and Fourteenth Amendments of the Constitution of the United States.

_____
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Defendant
CHRISTY MARIE GLENN KNIGHT

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:   (334) 396-9977
E-mail:      dallred@allredpclaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing *Answer of Christy Marie Glenn Knight* with the Clerk of the Court for the United States District Court, for the Northern District of Alabama, Southern Division, using the CM/ECF system, which will send notification of such filing to: Andy Nelms, Esq. at andynelms@jaylewislaw.com. A copy has also been served upon the following counsel and party by placing a copy of same in the United States Mail, first-class postage prepaid, on this the 17th day of June, 2005:

R. Austin Huffaker, Jr., Esq.
RUSHTON, STAKELY, JOHNSON & GARRETT
Post Office Box 270
Montgomery, Alabama 36101-0270

CONSECO FINANCE CORPORATION
c/o THE CORPORATION COMPANY
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

OF COUNSEL