Consummation Estate Agreement, any Cash in the Post-Consummation Estate shall be applied in accordance with the terms of the Post-Consummation Estate Budget.

K.    Releases and Discharges

    (a)    Release and Exculpation Provisions

        54.    The compromises and settlements contemplated by Art. XI.A of the Plan are hereby approved.

        55.    The releases of Art. XI.A of the Plan by all Persons and Entities of the contractual, legal and equitable subordination rights or Causes of Action, claims or counterclaims against Holders who satisfied, compromised and settled their Claims pursuant to Art. XI.A are approved.

        56.    The Release Provisions of Art. XI.B, Art. XI.C and Art. XI.D of the Plan and the Exculpation Provision of Art. XI.E of the Plan are hereby approved.

        57.    All Consenting Parties have consented to the releases set forth in XI.D of the Plan (Release by Holders of Claims) and therefore are bound by such releases.

    (b)    Discharge and Injunction Provisions

        58.    Pursuant to Art. XI.G of the Plan, and except as otherwise provided in the Plan, and except with respect to the Post-Consummation Estate:

    (i)    The rights afforded herein and the treatment of all Claims and Equity Interests herein, shall be in exchange for and in complete satisfaction and release of Claims and Equity Interests of any nature whatsoever, including any interest accrued on Claims from and after the Petition Date, against the Finance Company Debtors or any of their assets or properties; and

    (ii)    On the Effective Date, all such Claims against, and Equity Interests in, the Finance Company Debtors shall be satisfied and released in full.

        59.    *Except as otherwise expressly provided in the Plan or in obligations issued pursuant to the Plan, all Parties and Entities are permanently enjoined, from and after*

*the Effective Date, on account of any Claim or Equity Interest satisfied and released pursuant*

*to Art. XI.G of the Plan, from:*

(i)     *Commencing or continuing in any manner any action or other proceeding of any kind against any Finance Company Debtor or, after the Effective Date, against the Post-Consummation Estate or the Plan Administrator on behalf of the Post-Consummation Estate;*

(ii)    *Enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against any Finance Company Debtor or, after the Effective Date, against the Post-Consummation Estate or the Plan Administrator on behalf of the Post-Consummation Estate;*

(iii)   *Creating, perfecting, or enforcing any encumbrance of any kind against any Finance Company Debtor or, after the Effective Date, against the Post-Consummation Estate or the Plan Administrator on behalf of the Post-Consummation Estate or the property or estate of any Finance Company Debtor or, after the Effective Date, the Post-Consummation Estate, or any property vested in the Plan Administrator on behalf of the Post-Consummation Estate;*

(iv)    *Asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from any Finance Company Debtor or, after the Effective Date, against the Post-Consummation Estate or the Plan Administrator on behalf of the Post-Consummation Estate or against the property or estate of any Finance Company Debtor or, after the Effective Date, the Post-Consummation Estate, or any property vested in the Plan Administrator on behalf of the Post-Consummation Estate with respect to any such Claim or Equity Interest; or*

(v)     *Commencing or continuing in any manner any action or other proceeding of any kind in respect of any Claim or Cause of Action released or settled hereunder.*

60.   *Not withstanding any other provision of this Order or the Plan, the Subject Subsidiaries are discharged pursuant to section 1141 of the Bankruptcy Code.* [handwritten annotation: *from any claim against them arising at any time prior to the date hereof*]

L.   Consummation

61.   The substantial consummation of the Plan, within the meaning of section 1127 of the Bankruptcy Code, shall be, and hereby is, deemed to mean the occurrence of the Effective Date.

62.    Except in reference to paragraph 22 and as otherwise provided in this Order, Plan consummation shall not constitute a change of ownership or change in control, as such terms are used in any employment, severance or termination agreement in effect on the Effective Date and to which any of the Finance Company Debtors is a party or under any applicable law of any applicable Governmental Unit.

M.    Failure to Consummate the Plan

63.    In accordance with Article X.D of the Plan, if consummation of the Plan does not occur, then:

(i)    The Plan shall be null and void in all respects;

(ii)    Any settlement or compromise embodied in the Plan (including the fixing or limiting to an amount any Claim or Interest or Class of Claims or Interests), assumption or rejection of executory contracts or leases effected by the Plan, and any document or agreement executed pursuant to the Plan shall be deemed null and void; and

(iii)    Nothing contained in the Plan, and no acts taken in preparation for consummation of the Plan, shall (i) constitute or be deemed to constitute a waiver or release of any Claims by or against, or any Interests in, the Debtors or any other Person; (ii) prejudice in any manner the rights of the Debtors or any Person in any further proceedings involving the Debtors; or (iii) constitute an admission of any sort by the Debtors or any other Person;

N.    Retention of Jurisdiction

64.    Notwithstanding entry of this Confirmation Order or the occurrence of the Effective Date, this Court shall retain jurisdiction over the Chapter 11 Cases and shall have exclusive jurisdiction over any matter arising under the Bankruptcy Code related to the Chapter 11 Cases or the Plan, after Confirmation and after the Effective Date, to the greatest extent permitted by applicable law, including, without limitation, jurisdiction to:

(i)    allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim or Equity Interest, including the resolution of any request for payment of any Administrative Claim and the

43

resolution of any and all objections to the allowance or priority of Claims or Equity Interests;

(ii)   grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Plan, for periods ending on or before the Effective Date;

(iii)  resolve any matters related to the assumption, assumption and assignment or rejection of any executory contract and unexpired lease to which a Debtor is party or with respect to which a Debtor may be liable and to hear, determine and, if necessary, liquidate, any Claims arising therefrom;

(iv)   ensure that distributions to Holders of Allowed Claims are accomplished pursuant to the provisions hereof;

(v)    decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters and grant or deny any applications involving a Finance Company Debtor that may be pending on the Effective Date, or that, pursuant to the Plan, may be instituted by the Plan Administrator or the Post-Consummation Estate after the Effective Date; provided however that the Plan Administrator and the Post-Consummation Estate shall reserve the right to commence collection actions, actions to recover receivables and other similar actions in all appropriate jurisdictions;

(vi)   enter such orders as may be necessary or appropriate to implement or consummate the provisions hereof and all contracts, instruments, releases, indentures and other agreements or documents created in connection with the Plan, the Disclosure Statement or the Post-Consummation Estate Agreement;

(vii)  resolve any cases, controversies, suits or disputes that may arise in connection with the Consummation, interpretation or enforcement of the Plan or any Person's or Entity's obligations incurred in connection with the Plan;

(viii) issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Person or Entity with Consummation or enforcement of the Plan, except as otherwise provided in the Plan;

(ix)   resolve any cases, controversies, suits or disputes with respect to the releases, injunction and other provisions contained in Article XI of the Plan, and enter any orders that may be necessary or appropriate to implement such releases, injunction and other provisions;

(x)    enter and implement any orders that are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked or vacated;

(xi)  determine any other matters that may arise in connection with or relate to the Plan, the Disclosure Statement, the Confirmation Order, the Post-Consummation Estate Agreement, the Purchase Agreements or any contract, instrument, release, indenture or other agreement or document created in connection with the Plan or the Disclosure Statement or the Post-Consummation Estate Agreement;

(xii)  resolve any disputes over distributions from the Consent Agreement Reserve Account and the HC/HI Reserve Account; and

(xiii)  enter an order and/or final decree concluding the Chapter 11 Cases.

65.  Neither the entry of this Order nor the retention of jurisdiction by this Court set forth herein and in the Plan shall have any preclusive effect on the adversary proceeding captioned *Conseco Finance Corp. v. Bazzle, Lackey, Buggs et al.*, Adv. Proc. No. 03-03524, commenced on August 14, 2003, nor shall the entry of this Order have any effect on the injunction ordered by this Court on August 13, 2003, and extended by the Scheduling Order dated August 20, 2003. *or any issue regarding the supersedeas bonds, cash bonds, recoupment and accounting as to the mortgage holders, including, but not limited to, issues and arguments as to jurisdiction*

**O.  Payment of Statutory Fees**

66.  On or before the Effective Date, the Finance Company Debtors (other than the Subject Subsidiaries), or the Plan Administrator, as the case may be, shall pay all fees payable pursuant to 28 U.S.C. § 1930; *provided, however*, that, after the Effective Date, such fees shall be payable only on a single estate.

**P.  Exemption from Stamp Taxes**

67.  Pursuant to section 1146(c) of the Bankruptcy Code, (i) the issuance, distribution and transfer of interests in the Post-Consummation Estate (to the extent such section of the Bankruptcy Code applies), (ii) the creation, modification, consolidation or recording of any mortgage, deed of trust or other security interest, the securing of additional indebtedness by such means or other means, (iii) the making, assignment or recording of any lease or sublease; or (iv) the making, delivery or recording of any deed or other instrument of transfer under, in

furtherance of, or in connection with, the Plan, including any deeds, bills of sale, assignments or other instruments of transfer executed in connection with any transactions arising out of, contemplated by or in any way related to the Plan or this Confirmation Order, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax or other similar tax or governmental assessment, and the appropriate state or local governmental officials or agents shall be, and hereby are, directed to forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment. The Court specifically retains jurisdiction to enforce the foregoing direction, by contempt or otherwise. Exhibit C (the Confirmation Notice) shall have the effect of an order of the Court and shall constitute sufficient notice of the entry of this Order to such filing and recording officers, and shall be a recordable instrument, notwithstanding any contrary provision of non-bankruptcy law.

Q.    References to Plan Provisions

68.    The failure to include or reference in this Order any particular provision of the Plan shall not diminish or impair the effectiveness of any such provision, because it is the intent of this Court that the Plan be confirmed in its entirety.

R.    Post-Confirmation Notices and Bar Dates

(a)    Notice of Entry of Confirmation Order and Administrative Bar Date

69.    Pursuant to Fed. R. Bankr. P. 2002(f)(7) and Fed. R. Bankr. P. 3020(c), the Finance Company Debtors shall serve on the parties listed below, no later than fourteen (14) days after the Confirmation Date, a notice of the entry of this Confirmation Order (the "Confirmation Notice"), substantially in the form attached hereto as Exhibit C, by United States mail, first class postage prepaid, by hand, or by overnight courier service:

(i)     All Persons to whom the notice of the Confirmation Hearing was mailed;

(ii)    The United States Trustee;

(iii)   Each party in the Core Group and on the 2002 List; and

(iv)    Each party who filed an objection or response to, or statement or comment regarding the Plan;

*provided*, *however*, that no notice or service of any kind shall be required to be mailed or made upon any Person to whom the Finance Company Debtors mailed a Confirmation Hearing Notice, but received such notice returned marked "undeliverable as addressed," "moved, left no forwarding address" or "forwarding order expired," or similar reason, unless such person has informed the Finance Company Debtors in writing, or the Finance Company Debtors are otherwise aware of that person's new address.

70.    The Finance Company Debtors shall also serve the Confirmation Notice on the following parties as notice of the Administrative Claims Bar Date on the following parties (but only to the extent that such parties are not otherwise being served with the Confirmation Notice):

(i)     Providers of Good, Services, or Credit -- all providers of goods, services, or credit with whom the Finance Company Debtors have conducted business with six (6) months before the Petition Date readily identifiable from a review of Debtors' books and records;

(ii)    Employees and Unions — all employees of the Finance Company Debtors that have worked for the Finance Company Debtors within the past eighteen (18) months;

(iii)   Affiliates -- all the Finance Company Debtors' affiliates, regardless of whether they are Debtors in these consolidated cases;

(iv)    All known counter-parties to the Debtors' executory contracts (including those assumed and assigned pursuant to the Sale Transactions;

(v)     The Finance Company Debtors' lessors and any party who, upon reasonable investigation by the Finance Company Debtors, has provided postpetition goods or services to the Finance Company Debtors;

(vi) Parties to any litigation against the Finance Company Debtors -- any party with whom litigation was pending as of the Petition Date and any party that has filed a Motion to Lift the Automatic Stay;

(vii) Current and past insurance carriers -- any current insurance carrier of any Finance Company Debtor and any carrier with whom litigation is pending;

(viii) Directors -- any current and past Director of any Finance Company Debtor who served at any time within the past five (5) years;

(ix) Taxing authorities -- all taxing authorities for the places where the Debtors do business; and

(x) All other parties believed by the Finance Company Debtors to hold administrative claims.

71.    Mailing and publication of this Confirmation Notice in the time and manner set forth in the paragraphs above constitutes good and sufficient notice of the confirmation of the Plan under the particular circumstances of these Chapter 11 Cases and fully satisfies the requirements of Fed. R. Bankr. P. 2002 and 3020(c). No further notice of the entry of this Confirmation Order or of the Administrative Claims Bar Date shall be required.

(b)    Administrative Claims

72.    Any person who asserts such an Administrative Claim and wishes to have such Administrative Claim allowed by the Court and paid by Finance Company Debtors must file on or before 4:00 p.m., central time, November 8, 2003, a request for allowance of such Administrative Claim with Bankruptcy Management Corporation at the following address:

> If by courier/hand deliver:
> Bankruptcy Management Corp.
> Attn: Conseco Finance, Inc. Claims Agent
> 1330 E. Franklin Avenue
> El Segundo, CA 90245
>
> or, if by mail:
> Bankruptcy Management Corp.
> Attn: Conseco Finance, Inc. Claims Agent
> P.O. Box 1042
> El Segundo, CA 90245-1042

73.    All requests for allowance of Administrative Claims must be submitted in a form in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

(c)    Final Fee Applications

74.    Any person or entity seeking an allowance, pursuant to sections 327, 328, 330, 331, 503(b), 507(a)(1) and/or 1103 of the Bankruptcy Code, of final compensation or reimbursement of expenses incurred on or before the Confirmation Date for professional services rendered to the Finance Company Debtors or in relation to these cases ("Professional Fees and Expenses") shall file and serve an application for allowance of such Professional Fees and Expenses (each, an "Application"), on each of the following entities not later than thirty (30) days after the Confirmation Date:

| | |
|---|---|
| Bankruptcy Counsel to the Debtors and Counsel to the Post-Consummation Estate<br>Kirkland & Ellis<br>200 East Randolph Drive<br>Chicago, Illinois 60601<br>Attn: Anup Sathy, Esq.<br>and Roger Higgins, Esq. | The Office of the United States Trustee<br>227 West Monroe St.<br>Suite 3350<br>Chicago, IL 60606<br>Attn: Richard Freedman, Esq. and<br>Gretchen Silver, Esq. |
| Counsel to the Creditors' Committee<br>Greenberg Traurig, P.C.<br>77 West Wacker Drive, Suite 2500<br>Chicago, Illinois 60601<br>Attn: Nancy Mitchell, Esq. | The Plan Administrator<br>Anthony H. N. Schnelling<br>Bridge Associates LLC<br>747 Third Avenue, Suite 32A<br>New York, NY 10017 |

75.    Each Application shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules, and shall set forth, among other things, in reasonable detail, (i) the name and address of the applicant, (ii) the nature of the Administrative Claim or Professional Fees and Expenses for which reimbursement is requested for all periods from the date the particular applicant was retained through the

Confirmation Date, (iii) the amount of the Administrative Claim or Professional Fees and Expenses requested; (iv) the amounts of Professional Fees and Expenses previously allowed by the Court, if any; and (v) the amount or amounts of payments made to date, if any, by the Debtors to reduce such allowed amount.

76.    No applications need be filed for compensation and reimbursement by a professional person for services rendered or expenses incurred on or after the Confirmation Date, and such compensation and reimbursement may be paid by the Finance Company or the Post-Confirmation Estate, as applicable, out of the Professional Fee Sub-Escrow Account and in accordance with ordinary business practices and without further order of the Court.

S.    Captions

77.    On and after the Confirmation Date, the Finance Company Debtors shall use the caption in the form attached hereto as Exhibit D with respect to the Finance Company Debtors' Chapter 11 Cases. On and after the Confirmation Date, the Reorganizing Debtors shall use the caption in the form of Exhibit E attached hereto with respect to the Reorganizing Debtors' Chapter 11 Cases.

T.    Non-Material Changes

Without limiting the generality of the foregoing, and without the need for a further order or authorization of this Court, but subject to the express provisions of this Order, the Finance Company Debtors, with the prior written consent of the Committee, are authorized and empowered to make non-material modifications to the exhibits comprising the Plan Supplement as they, in their reasonable business judgment, deem to be necessary.

U.   Authorization to Consummate

    78.   The Finance Company Debtors are authorized to consummate this Plan at any time after the entry of this Order subject to the satisfaction or waiver of the conditions precedent to Consummation set forth in Article X.B.

V.   Meetings with Creditors

    79.   The meetings convened by the United States Trustee with creditors in these Chapter 11 Cases fully comply with the requirements of section 341 of the Bankruptcy Code.

W.   Final Order

    80.   This Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

      IT IS SO ORDERED.

Chicago, Illinois
Dated: Sept 9, 2003

                              Honorable Carol A. Doyle
                              United States Bankruptcy Judge

<u>EXHIBIT A</u>

Dismissal of the Lehman Adversary Proceeding

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                                    ) Chapter 11
                                                          )
Conseco, Inc., et al.,                                    ) Case No. 02 B 49672
                                                          ) Honorable Carol A. Doyle
                          Debtors.                        ) (Jointly Administered)
                                                          )
*    *    *    *    *    *    *                            )   *    *    *    *    *    *    *    *
Official Committee of Unsecured Creditors                 )
of Conseco Finance Corp. and Conseco                      )
Finance Servicing Corp., on behalf of the                 )
Estates of Conseco Finance Corp. and                     )
Conseco Finance Servicing Corp.,                          )
                                                          )
                          Plaintiff                       )
                                                          )
                            v.                            )
                                                          )
Lehman Brothers, Inc.                                     )
Lehman Commercial Paper, Inc.                             )
Lehman ALI, Inc.                                          )
Green Tree Finance Corp-Five                              )
Green Tree Residual Finance Corp. I                       )
                                                          )
                          Defendants                      )

## CFC COMMITTEE DISMISSAL OF ADVERSARY PROCEEDING

The complaint filed in the adversary proceeding captioned *Official Committee of Unsecured Creditors of Conseco Finance Corp. and Conseco Finance Servicing Corp., on behalf of the Estates of Conseco Finance Corp. and Conseco Finance Servicing Corp., v. Lehman Brothers, Inc., Lehman Commercial Paper, Inc., Lehman ALI, Inc., Green Tree Residual Finance Corp. I* (Docket # 1 Adversary Proceeding No. 03-01622), the matters in dispute having been settled, is hereby withdrawn with prejudice. Each party will bear its own fees, expenses, and costs.

September ___, 2003

Respectfully submitted,

_____
Counsel for the Official Committee of Finance
Company Unsecured Creditors
Greenberg Traurig, P.C.
Nancy Mitchell, Esq.
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601

Exhibit B

Dismissal of the Lehman Appeal

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Conseco, Inc., et al., | ) Case No. 02 B 49672 |
| | ) Honorable Carol A. Doyle |
| Debtors. | ) (Jointly Administered) |
| * * * * * * * * | ) * * * * * * * * |
| | ) |
| | ) |
| | ) |
| Lehman Brothers, Inc. et al. | ) |
| Appellants, | ) |
| | ) |
| v. | ) |
| | ) |
| Conseco, Inc. et al. | ) |
| Appellees | ) |
| | ) |

## LEHMAN DISMISSAL OF APPEAL

The appeal of the Order of the Bankruptcy Court entitled, *Order Estimating Lehman Guaranty Claims* filed in the United States District Court for the Northern District of Illinois, on May 30, 2003, captioned *Appeal by Lehman Brothers, Inc., Lehman ALI, Inc., Lehman Commercial Paper and Lehman Brothers Holdings, Inc. RE: Item #3584* (Original NIBS Entry #3479, Case No. 03-CV-3741), the matters in dispute having been settled, is hereby withdrawn with prejudice. Each party will bear its own fees, expenses, and costs.

September ____, 2003

Respectfully submitted,

_____
Counsel for Lehman
Latham & Watkins
885 Third Avenue
New York, New York
Robert J. Rosenberg
Mark A. Broude
Tel. (212) 906-1200
Fax  (212) 751-4864

Exhibit C

The Confirmation Notice

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Conseco Finance Corp., et al.,[1] | ) | |
| | ) | Case No. 02-49675 |
| Debtors. | ) | Honorable Carol A. Doyle |
| | ) | (Jointly Administered) |
| | ) | |

NOTICE OF CONFIRMATION AND DEADLINE FOR FILING FINAL FEE APPLICATIONS AND
REQUESTS FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS AGAINST THE FINANCE
COMPANY DEBTORS

NOTICE IS HEREBY GIVEN THAT:

Confirmation of the Plan. On September __, 2003, (the "Confirmation Date") the Court entered an order confirming the Finance Company Debtors' Sixth Amended Joint Liquidating Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan"). The Plan, the Plan Supplement and the Confirmation Order shall bind (i) the Finance Company Debtors, (ii) the Post-Consummation Estate, and the Plan Administrator on behalf of the Post-Consummation Estate, (iii) all Holders of Claims against and Interests in any Finance Company Debtor, regardless of whether such Holders are impaired under the Plan and, if so impaired, whether such Holders accepted or rejected, or are deemed to have accepted or rejected, the Plan, (iv) each Person acquiring property under the Plan, (v) all non-Finance Company Debtor parties to executory contracts and unexpired leases with any Finance Company Debtor, (vi) all Entities party to, or subject to, the settlements, compromises, releases, discharges, and injunctions described in the Plan or the Confirmation Order, and (vii) each of the respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians, if any, of each of the foregoing.

To obtain a copy of the Plan or the Confirmation Order, please contact Bankruptcy Management Corporation at 1-888-909-0100 or visit www.bmccorp.net/conseco.

Anticipated Effective Date. The Finance Company Debtors anticipate that the Effective Date will occur shortly after the Confirmation Date.

---

[1]   The Finance Company Debtors comprise the following entities: (i) Conseco Finance Corp. and Conseco Finance Servicing Corp. (collectively, the "Initial Finance Company Debtors"), (ii) Conseco Finance Corp. - Alabama, Conseco Finance Credit Corp., Conseco Finance Consumer Discount Company, Conseco Finance Canada Holding Company, Conseco Finance Canada Company, Conseco Finance Loan Company, Rice Park Properties Corporation, Landmark Manufactured Housing, Inc., Conseco Finance Net Interest Margin Finance Corp. I, Conseco Finance Net Interest Margin Finance Corp. II, Green Tree Finance Corp. - Two, Conseco Agency of Nevada, Inc., Conseco Agency of New York, Inc., Green Tree Floorplan Funding Corp., Conseco Agency, Inc., Conseco Agency of Alabama, Inc., Conseco Agency of Kentucky, Inc., and Crum-Reed General Agency, Inc. (collectively, the "CFC Subsidiary Debtors"), (iii) Green Tree Finance Corp. - Five and Green Tree Residual Finance Corp. I (collectively, the "New Filing Entities") and (iv) Conseco Finance Credit Card Funding Corp. ("CFCCFC," together with the Initial Finance Company Debtors, the CFC Subsidiary Debtors, and the New Filing Entities, the "Finance Company Debtors"). The Plan and the Confirmation Order do not apply to the Holding Company Debtors (as defined in the Plan).

Claims Objection Deadline. The Plan Administrator, on behalf of the Post-Consummation Estate, shall have the exclusive right to object to Claims for one year from the Effective Date, *provided*, *however*, that the Plans Administrator shall have the right to seek an extension of the Claims Objection Deadline.

Fee Applications of Professionals. Any professional seeking an allowance for compensation or reimbursement of expenses pursuant to sections 327, 328, 330 or 1103 of the Bankruptcy Code shall, within thirty days following the Confirmation Date, file with this Court and serve on the following entities a final application for professional fees and expenses:

| | |
|---|---|
| Bankruptcy Counsel to the Debtors and Counsel to the Post-Consummation Estate<br>Kirkland & Ellis<br>200 East Randolph Drive<br>Chicago, Illinois 60601<br>Attn: Anup Sathy, Esq.<br>and Roger Higgins, Esq. | The Office of the United States Trustee<br>227 West Monroe St.<br>Suite 3350<br>Chicago, IL 60606<br>Attn: Richard Friedman, Esq. and<br>Gretchen Silver, Esq. |
| Counsel to the Creditors' Committee<br>Greenberg Traurig, P.C.<br>77 West Wacker Drive, Suite 2500<br>Chicago, Illinois 60601<br>Attn: Nancy Mitchell, Esq. | The Plan Administrator<br>Anthony H. N. Schnelling<br>Bridge Associates LLC<br>747 Third Avenue, Suite 32A<br>New York, NY 10017 |

Administrative Claims Bar Date. The Court has fixed [Confirmation Date + 60 days], 2003 at 4:00 p.m. (central time) as the date (the "Administrative Claims Bar Date") by which all entities, including individuals, partnerships, corporations, estates, trusts and governmental units, as defined by 11 U.S.C. § 101(27), holding Administrative Claims (as defined below) against the Finance Company Debtors arising from and after December 17, 2002, through and including the Confirmation Date, must file a request for allowance of such Administrative Claims. Any person who asserts such an Administrative Claim and wishes to have such Administrative Claim allowed by the Court and paid by Finance Company Debtors must file a request for allowance of such Administrative Claim with Bankruptcy Management Corporation at the following address.

> If by courier/hand deliver:
> Bankruptcy Management Corp.
> Attn: Conseco Finance, Inc. Claims Agent
> 1330 E. Franklin Avenue
> El Segundo, CA 90245

> or, if by mail:
> Bankruptcy Management Corp.
> Attn: Conseco Finance, Inc. Claims Agent
> P.O. Box 1042
> El Segundo, CA 90245-1042

All requests for allowance of Administrative Claims must be submitted in a form in accordance with the Bankruptcy Code, the Bankruptcy Rules and the local rules of the United States Bankruptcy Court for the Northern District of Illinois. SHOULD YOU FAIL TO FILE A TIMELY REQUEST FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE CLAIM, SUCH (A) CLAIM SHALL NOT BE ALLOWED BY THE COURT OR (B) PAID BY THE DEBTORS.

For purposes of this Notice, an Administrative Claim is any Claim (as hereinafter defined) that arose from and after December 17, 2003, through and including the Confirmation Date, with respect to which a holder intends to seek priority of payment pursuant to sections 503 and 507(a)(1) of the Bankruptcy Code, except that holders of the following types of administrative expense claims need not file requests for allowance of such Claims by the Administrative Claims Bar Date: (i) administrative claims of professionals retained pursuant to sections 327, 328 and 1103 of the Bankruptcy Code and Fed. R. Bankr. P. 2014 and (ii) all fees payable and unpaid under 28 U.S.C. § 1930.

For purposes of this Notice, a Claim means (a) a right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, mature, unmatured (including potential and unmatured tort and contract claims), fully accrued, disputed, undisputed, legal, equitable, secured or unsecured or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to receive payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured (including potential and unmatured tort and contract claims), fully accrued, disputed, undisputed, secured or unsecured.

This Notice is being sent to you by Court Order.

Chicago, Illinois

KIRKLAND & ELLIS LLP

Date: _____, 2003

James H.M. Sprayregen, P.C. (ARDC No. 6190206)
Anne Marrs Huber (ARDC No. 6226828)
Anup Sathy (ARDC No. 6230191)
Roger J. Higgins (ARDC No. 6257915)
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601-6636
(312) 861-2000 (telephone)
(312) 861-2200 (facsimile)

Counsel for the Debtors and Debtors-In-Possession

Exhibit D

The Finance Company Debtors' Caption

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Conseco Finance Corp., et al.,[1] | ) | Case No. 02-49675 |
| | ) | Honorable Carol A. Doyle |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Hearing Date: |
| | ) | Response Deadline: |

---

[1]    The Finance Company Debtors comprise the following entities:  (i) Conseco Finance Corp. and Conseco Finance Servicing Corp. (collectively, the "CFC Debtors"), (ii) Conseco Finance Corp. - Alabama, Conseco Finance Credit Corp., Conseco Finance Consumer Discount Company, Conseco Finance Canada Holding Company, Conseco Finance Canada Company, Conseco Finance Loan Company, Rice Park Properties Corporation, Landmark Manufactured Housing, Inc., Conseco Finance Net Interest Margin Finance Corp. I, Conseco Finance Net Interest Margin Finance Corp. II, Green Tree Finance Corp. - Two, Conseco Agency of Nevada, Inc., Conseco Agency of New York, Inc., Green Tree Floorplan Funding Corp., Conseco Agency, Inc., Conseco Agency of Alabama, Inc., Conseco Agency of Kentucky, Inc., and Crum-Reed General Agency, Inc. (collectively, the "CFC Subsidiary Debtors"), (iii) Green Tree Finance Corp. - Five and Green Tree Residual Finance Corp. I (collectively, the "New Debtors"), and Conseco Finance Credit Card Funding Corp.

Exhibit E

The Reorganizing Debtors' Caption

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                    )    Chapter 11
                                          )
Conseco, Inc., et al.,[1]                 )
                                          )
                    Debtors.              )    Case No. 02 B49672
                                          )    Honorable Carol A. Doyle
                                          )    (Jointly Administered)
                                          )

---

[1] The Reorganizing Debtors comprise the following entities: Conseco, Inc., CIHC, Incorporated, CTIHC, Inc., Partners Health Group, Inc., (collectively the "Reorganizing Debtors").