IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Conseco Finance Corp., et al.,[1] | ) | Case No. 02-49675 |
| | ) | Honorable Carol A. Doyle |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### FINANCE COMPANY DEBTORS' NOTICE OF (A) ENTRY OF CONFIRMATION ORDER AND (B) EFFECTIVE DATE

#### (A) ENTRY OF CONFIRMATION ORDER

The United States Bankruptcy Court for the Northern District of Illinois (the "Court") entered an order (the "Confirmation Order") on September 9, 2003, confirming the Finance Company Debtors' Sixth Amended Joint Liquidating Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan"). (*See*, docket No. 5844).

If you wish to obtain a copy of the Plan or the Confirmation Order, please contact Bankruptcy Management Corporation ("BMC") at 1-888-909-0100.

#### (B) EFFECTIVE DATE

On September 15, 2003, at 4:00 p.m. central time, the Plan became Effective pursuant to its terms (the "Effective Date"). All conditions specified in Article X.B. of the Plan have been satisfied or waived in accordance with the Plan.

Executory Contracts and Unexpired Leases. Any executory contracts or unexpired leases that have not expired by their own terms on or prior to the Effective Date, which the Finance Company Debtors have not assumed and assigned or rejected with the approval of the Bankruptcy Court (whether as part of the Sale Transactions or otherwise), or that are not the subject of a motion to assume the same pending as of the Effective Date, are deemed rejected by the Finance Company Debtors on the Effective Date. The executory contracts assumed in connection with the Sale Transactions are detailed in each of the relevant Asset Purchase Agreements, available electronically at www.bmccorp.net/conseco.

---

[1] The Finance Company Debtors comprise the following entities: (i) Conseco Finance Corp. and Conseco Finance Servicing Corp. (collectively, the "Initial Finance Company Debtors"), (ii) Conseco Finance Corp. - Alabama, Conseco Finance Credit Corp., Conseco Finance Consumer Discount Company, Conseco Finance Canada Holding Company, Conseco Finance Canada Company, Conseco Finance Loan Company, Rice Park Properties Corporation, Landmark Manufactured Housing, Inc., Conseco Finance Net Interest Margin Finance Corp. I, Conseco Finance Net Interest Margin Finance Corp. II, Green Tree Finance Corp. - Two, Conseco Agency of Nevada, Inc., Conseco Agency of New York, Inc., Green Tree Floorplan Funding Corp., Conseco Agency, Inc., Conseco Agency of Alabama, Inc., Conseco Agency of Kentucky, Inc., and Crum-Reed General Agency, Inc. (collectively, the "CFC Subsidiary Debtors"), (iii) Green Tree Finance Corp. - Five and Green Tree Residual Finance Corp. I (collectively, the "New Filing Entities") and (iv) Conseco Finance Credit Card Funding Corp. ("CFCCFC," together with the Initial Finance Company Debtors, the CFC Subsidiary Debtors, and the New Filing Entities, the "Finance Company Debtors").

DEFENDANT'S EXHIBIT E

Rejection Damages Bar Date. If the rejection of an executory contract or unexpired lease pursuant to Plan Consummation results in damages to the other party or parties to such contract or lease, any Claim for such damages, if not heretofore evidenced by a Proof of Claim that has been Filed, shall be forever barred and shall not be enforceable against the Finance Company Debtors, the Post-Consummation Estate, or their properties, successors or assigns, unless a Proof of Claim is Filed and served upon counsel to the Post-Consummation Estate and Bankruptcy Management Corp. on or before thirty (30) days after the later to occur of (i) the Effective Date; and (ii) the date of entry of an order by the Bankruptcy Court authorizing rejection of a particular executory contract or unexpired lease.

Transfer of Assets to Post-Consummation Estate. Pursuant to the terms of the Plan and the Post-Consummation Estate Agreement, all assets of the Finance Company Debtors are hereby transferred to the Post-Consummation Estate; *provided*, *however*, that such assets do not include any assets identified by the Plan Administrator as being excluded from the transfer of assets by the Finance Company Debtors to the Post-Consummation Estate.

Chicago, Illinois                                    Respectfully submitted,

Dated: September 15, 2003                            KIRKLAND & ELLIS LLP

                                                     _____
                                                     James H.M. Sprayregen, P.C. (ARDC. No. 6190206)
                                                     Anne Marrs Huber (ARDC No. 6226828)
                                                     Anup Sathy (ARDC No. 6230191)
                                                     Roger J. Higgins (ARDC No. 6257915)
                                                     Kevin L. Morris (ARDC No. 6278078)
                                                     Kirkland & Ellis LLP
                                                     200 East Randolph Drive
                                                     Chicago, IL 60601-6636
                                                     (312) 861-2000 (telephone)
                                                     (312) 861-2200 (facsimile)

                                                     Counsel for the Debtors and Debtors-In-Possession

I:\Project XX\Kevin L. Morris\Finance Company Confirmation\Notice of Effective Date.doc