IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JULIE ANN MANGINA, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CASE #: 2:05-cv-00485-MEF-DRB |
| | § |
| CONSECO FINANCE CORP., et al., | § |
| | § |
| Defendants. | § |

**MEMORANDUM BRIEF IN SUPPORT OF**
**DEFENDANT GREEN TREE SERVICING LLC'S MOTION TO DISMISS**

This action is brought by Plaintiff, Julie Ann Mangina, for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), when Defendant Christy Marie Glenn Knight allegedly pulled Mangina's credit report "to gain advantage in a civil lawsuit regarding a domestic dispute." (Compl., ¶ 18). Mangina claims that this activity was wrongful because Ms. Knight "willfully obtained a consumer report under false pretenses in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681(q)." (Compl., ¶ 17). Based upon the same operative facts, Mangina also claims that Conseco Finance Corp. and Ms. Knight's employer, Green Tree Servicing LLC, "negligently obtained a consumer report under false pretenses in violation of . . . § 1681(q)" and breached their duty "to set in place and to maintain . . .

1

such policies, practices, and procedures as would prevent violations of the Fair Credit Reporting Act." (Compl., ¶¶ 20, 34).

For the following reasons, Mangina's Complaint against Green Tree Servicing LLC is due to be dismissed in its entirety.

## Mangina Is Enjoined By Order of the United States Bankruptcy Court for the Northern District of Illinois From Seeking Any Affirmative Monetary Relief from Green Tree Servicing LLC

In this action, Mangina names as Defendants Green Tree Servicing LLC and Conseco Finance Corp. On December 17, 2002, Conseco Finance Corp. and certain subsidiaries, including Green Tree Servicing LLC (then known as Conseco Finance Servicing Corp.), filed petitions under Chapter 11 for bankruptcy protection in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, *In re Conseco Finance Servicing Corp.,* Case Number 02-49676-CAD. [*See* Petition, **Ex. A** to Mtn.].

On March 14, 2003, the bankruptcy court approved the sale of certain assets of Conseco Finance Corp.[1] and its debtor subsidiaries to CFN Investment Holding LLC as set forth in the Amended and Restated Asset Purchase Agreement ("Asset Purchase Agreement"). [*See* Schwartz Aff., **Ex. B** to Mtn.]. Among the assets sold was all outstanding capital stock in Green Tree Servicing LLC. [*See* Schwartz Aff., **Ex. B** to

---

[1] As part of the bankruptcy proceeding, Conseco Finance Corp., a named defendant in this action, was liquidated.

Mtn.][Asset Purchase Agreement, Art. II, Section 2.1, Ex. 1 to Schwartz Aff.]. Under Article II, Section 2.1(b) of the Asset Purchase Agreement, the stock in Green Tree Servicing LLC "shall be deemed Purchased Assets." [Asset Purchase Agreement, Art. II, Section 2.1(b), Ex. 1 to Schwartz Aff.].

Pursuant to the bankruptcy court's order approving the Asset Purchase Agreement, the Purchased Assets (including Green Tree Servicing LLC) were sold, as of the closing date, free and clear of any and all claims, liens and liabilities. [*See* Sale Order Approving Asset Purchase Agreement, pp. 5, 7, 11, 12, 13, 17, 18, Ex. 1 to Schwartz Aff.].

> ". . . the Purchased Assets shall be transferred to the Buyer and, as of the Closing Date, shall be free and clear of: (a) all Interests; and (b) all debts arising under, relating to, or in connection with any acts of the CFC Debtors, claims . . ., liabilities, obligations, demands, guarantees, options, rights, contractual commitments, restrictions, interests and matters of any kind or nature, whether arising prior to or subsequent to the commencement of these cases, and whether imposed by agreement, understanding, law, equity or otherwise. . . ."

[Sale Order Approving Asset Purchase Agreement, p. 11, ¶ 6, Ex. 1 to Schwartz Aff.]. The transaction was closed and the Purchased Assets transferred to CFN Investment Holding LLC on June 23, 2003. [*See* Schwartz Aff., **Ex. B** to Mtn.].

The Sale Order also enjoined all persons from asserting or prosecuting any actions or claims against Green Tree Servicing LLC for any wrongful conduct occurring prior to the Closing Date (June 23, 2003):

3

> "all persons and entities, including but not limited to . . . creditors, holding interests or Claims of any kind or nature whatsoever against CFC Debtors or in the Purchased Assets . . . arising under or out of, in connection, with, or in any way relating to, the CFC Debtors [or] the Purchased Assets, the operation of the CFC Debtors' businesses prior to the Closing Date or the transfer of the Purchased Assets to the Buyer, shall be and ***hereby are forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing against*** the Buyer***, its property***, its successors and assigns, ***its affiliates or the Purchased Assets***, ***such persons' or entities' Interests or Claims***."

[Sale Order Approving Asset Purchase Agreement, pp. 12-13, ¶ 7, Ex. 1 to Schwartz Aff.].

On September 9, 2003, the bankruptcy court entered an order confirming Green Tree Servicing LLC's Plan of Reorganization, which became effective on September 15, 2003. [Confirmation Order, **Ex. C** to Mtn.; Plan of Reorganization, **Ex. D** to Mtn.; Notice, **Ex. E** to Mtn.]. Among others, the Confirmation Order discharged Green Tree Servicing LLC from all claims and liabilities arising out of conduct occurring prior to the effective date (September 15, 2003) of the Plan of Reorganization:

> "all Parties and Entities are permanently enjoined, from and after the Effective Date, on account of any Claim or Equity Interest satisfied and released pursuant to Art. XI.G of the Plan, from:
>
> (i)   Commencing or continuing in any manner any action or other proceeding of any kind against any Finance Company Debtor. . .
>    . . . .
> Not withstanding, any other provision of this Order or the Plan, the Subject Subsidiaries are discharged from any claim against them arising at any time prior to the date hereof pursuant to section 1141 of the Bankruptcy Code."

4

[Confirmation Order, pp. 41-42, ¶¶ 59 & 60, **Ex. C** to Mtn.][Plan of Reorganization, **Ex. D** to Mtn.].

Here, Mangina alleges the Defendants violated the FCRA on June 9, 2003 when Defendant Christy Knight pulled Mangina's consumer report. (*See* Compl., ¶¶ 7, 9). This claim, and all of the other claims based upon this central allegation, most certainly pre-dates the Closing Date (June 23, 2003) of the sale of Green Tree Servicing LLC to CFN Investment Holding LLC and the Effective Date (September 15, 2003) of Green Tree Servicing LLC's Plan of Reorganization. Mangina's claims against Green Tree Servicing LLC are therefore barred and Mangina is estopped and forever enjoined from asserting her claims against Green Tree Servicing LLC. Accordingly, her Complaint against Green Tree Servicing LLC is due to be dismissed. *See, e.g., Morrow v. Green Tree Servicing LLC,* 360 F.Supp.2d 1246 (M.D. Ala. 2005)(dismissing claims against Green Tree that arose from conduct occurring prior to September 15, 2003, the date on which Green Tree was discharged in bankruptcy); *Wile v. Green Tree Servicing LLC*, 2004 U.S. Dist. LEXIS 23709 (E.D. Pa. Nov. 18, 2004)(granting motion to dismiss due to application of Sale Order, which stated that the assets of Conseco Finance Consumer Discount Company were sold free and clear of all claims, liens and liabilities); *Wongco v. Federated Dept. Stores, Inc.*, 283 B.R. 140 (S.D.N.Y. 2002)(enforcing General Bar Date and Discharge Injunction); 11 U.S.C. § 105(a); *Glenn v. Steelox Building Systems, Inc.*, 698 So. 2d 142 (Ala. Civ.

App. 1997*); In re All American of Ashburn, Inc.*, 56 B.R. 186 (Bankrcy N.D. Ga. 1986).

## Counts I, III and IV Should be Dismissed

Counts I (Willful Violation of FCRA), III (Invasion of Privacy) and IV(Willful Violation of Ala. Code §§ 13A-8-192 and 13A-9-18) appear to be directed to co-Defendant Christy Knight. Therefore, these Counts do not state claims against Green Tree Servicing LLC.

## Count II (Negligent Violation of FCRA) Should Be Dismissed

Count II alleges that Green Tree "negligently obtained a consumer report under false pretenses in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681(q)." (Compl., ¶ 20). This Count fails to state a claim as a matter of law and should be dismissed.

Count II is premised upon 15 U.S.C. § 1681q, which provides as follows:

> "Any person who *knowingly* and *willfully* obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, United States Code, imprisoned for not more than 2 years, or both."

15 U.S.C. § 1681q (emphasis added).

As shown by the clear language of the statute, section 1681q does not form a basis for negligence liability, only for *knowing* and *willful* acts. *See, e.g.*, *Myers v. Bennett Law Offices*, 238 F.Supp.2d 1196, 1205 (D.C. Nev. 2002)(concluding that "section 1681q does not form a basis for negligence liability as a matter of law");

*Northrup v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 47 (2nd Cir. 1997); *Daley v. Haddonfield Lumber*, 943 F.Supp. 464, 467 (D. N.J. 1996)("To impute civil liability for negligent violations of the requirements of section 1681q would confound the language of section 1681q"); *Kennedy v. Border City Sav. & Loan Assoc.*, 747 F.2d 367, 368 (6th Cir. 1984) (noting that a civil remedy for a violation of 1681q cannot be brought under 1681o).

Here, since Mangina alleges that Green Tree *negligently* violated section 1681q, which requires a *knowing* and *willful* act, Count II fails to state a claim as a matter of law and should be dismissed.

### Count V (Violation of FCRA) Should Be Dismissed

Count V (incorrectly identified as Count VIII in the Complaint) alleges that Green Tree "willfully violated the Fair Credit Reporting Act by obtaining Plaintiff's consumer report under false pretenses" and is "either guilty of willful or negligent noncompliance pursuant to 15 U.S.C. § 1581n and/or 15 U.S.C. § 1581o." (Compl., ¶ 33). Count V goes on to allege that Green Tree was "under a legal duty to Plaintiff . . . to set in place and to maintain as against the Cheeks [sic] such policies, practices, and procedures as would prevent violations of the Fair Credit Reporting Act" and that Green Tree "wantonly, recklessly, or negligently breached [its] duty to Plaintiff." (Compl., ¶ 34).

To the extent Mangina again claims that Green Tree negligently violated section 1681q and is therefore civilly liable under 1681o, Count V fails to state a claim upon which relief may be granted. *See, e.g.*, *Myers v. Bennett Law Offices*, 238 F.Supp.2d 1196, 1205 (D.C. Nev. 2002).

To the extent Mangina claims that the FCRA imposes a duty on Green Tree to prevent its employees from obtaining credit reports for personal use, Count V also fails to state a claim. Though the Eleventh Circuit has yet to address the issue, other courts have concluded that there is no *direct* corporate or employer liability for an employee who uses the employer's facilities to obtain consumer reports for impermissible purposes. *See, e.g.*, *Graves v. Tubb*, 281 F.Supp.2d 886, 894-95 (N.D. Miss. 2003); *Kodrick v. Ferguson*, 65 F.Supp.2d 788 (N.D. Ill. 1999).

For example, in *Kodrick*, a case extraordinarily similar to the instant dispute, the plaintiff, Lynn Kodrick, brought suit against her ex-husband's new wife, Cheryl Ferguson, and Ferguson's employer, Accubanc Mortgage, after Ferguson improperly obtained a copy of Kodrick's credit report. 65 F.Supp.2d at 788. The complaint charged that "Accubanc was negligent in complying with the FCRA when it did not prevent Ferguson from using Accubanc's facilities to obtain Kodrick's credit report under false pretenses." *Id.* In considering the merits of the claim as raised in Accubanc's motion to dismiss, the court noted that the "FCRA does not explicitly impose requirements on 'subscribers.' *i.e.*, those individuals or companies, like

8

Accubanc, who contract with credit reporting agencies for the right to regularly access consumer information." *Id*. at 791. In other words, "[t]here is no language in the statute . . . requiring subscribers to limit requisition access to supervisors or other employees with special training regarding permissible purposes." *Id*. The court also noted that the new 1996 amendments to the FCRA as well as the legislative history and scheme of the FCRA suggested that Congress intended to develop uniform national standards, rather than different rules for subscribers, and placed primary responsibility for breaches of confidentiality on the credit reporting agencies. *Id.* at 795-96. In ultimately granting Accubanc's motion to dismiss, the court held as follows:

> We hold only that a subscriber is not liable under § 1681n or §1681o for its employee's unauthorized willful violations of the Fair Credit Reporting Act, where the employee of the subscriber obtained the report under false pretenses and for personal use without the express or implied approval of her supervisors.

*Id.* at 798.

Here, the reasoning in *Kodrick* requires that Count V be dismissed. First, as demonstrated in *Kodrick*, Green Tree is not liable under sections 1681n or 1681o for Christy Knight's unauthorized willful violations (assuming the truth of the allegations in the Complaint) of the FCRA. Moreover, as discussed in *Kodrick*, there is no allegation in this case that Green Tree knew its facilities were being used to obtain Mangina's consumer report for a purpose wholly unrelated to Green Tree's business,

9

nor is it alleged that Green Tree gave access to its credit facilities to employees who would not need to conduct credit checks to carry-out their job description. In short, the operative facts and allegations in this case are virtually identical to those in *Kodrick* and, as such, the claims in Mangina's Complaint, like those in *Kodrick*, should be dismissed.

Aside from there being no *direct* liability under the FCRA, Count V is also due to be dismissed to the extent Mangina argues that Green Tree is liable under an agency or vicarious liability theory. First, as discussed in *Kodrick*, the clear terms of the FCRA, the 1996 amendments and the legislative history and scheme, do not provide liability for an employer under an agency or vicarious liability theory. *See Kodrick*, 54 F.Supp.2d at 796-97. *See also Graves*, 281 F.Supp.2d at 894-95. The FCRA only provides liability for those "persons" whose actions *negligently* or *willfully* violate the FCRA. *See* 15 U.S.C. §§ 1681n & 1681o. In other words, making an employer vicariously liable for the acts of its employees renders an employer strictly liable for that employee's acts, regardless of whether the employer was negligent or willful. As recognized by the courts in *Kodrick* and *Graves*, this runs afoul of the purpose and intent of the FCRA.

However, even if vicarious or agency liability was permissible under the FCRA, Count V is nevertheless due to be dismissed because Mangina has not pled agency or vicarious liability in her Complaint nor has she asserted any allegations inferring such

liability. In other words, there is no allegation that Green Tree authorized Knight's conduct, knew about it, recklessly gave Knight access to Green Tree's facilities, or that Knight acted within the line and scope of her employment. *See Kodrick*, 54 F.Supp.2d at 798; *Graves*, 281 F.Supp.2d at 892-93. At a minimum, such allegations must be made in order to support liability under an agency or vicarious liability theory.

## **CONCLUSION**

Since Green Tree Servicing LLC was discharged from bankruptcy on September 15, 2003 and was sold free and clear of all claims existing as of June 23, 2003, the Plaintiff's claims for alleged FCRA violations occurring on June 9, 2003 are due to be dismissed under the terms of the orders issued in Green Tree Servicing LLC's bankruptcy proceeding. Further, the Complaint as currently pled against Green Tree Servicing LLC does not state actionable claims under the FCRA. Accordingly, Green Tree Servicing LLC requests that the Complaint against it be dismissed with prejudice.

    /s/ Austin Huffaker
R. AUSTIN HUFFAKER, JR. (HUFFR3422)
Bar Number: (ASB-3422-F55R)
Attorney for Green Tree Servicing LLC

OF COUNSEL:

RUSHTON, STAKELY, JOHNSTON &
   & GARRETT, P.A.
Post Office Box 270
Montgomery, AL 36101
(334) 206-3100

11

## CERTIFICATE OF SERVICE

      I certify that on the 22nd day of June, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

K. Anderson Nelms
847 S. McDonough Street
Montgomery, AL 36104

David E. Allred
1774 Taliaferro Trail
Montgomery, AL 36117

                                        /s/ Austin Huffaker
                                        Of Counsel