IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JULIE ANN MANGINA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 2:05-cv-485-B |
| v. ) | |
| ) | |
| CHRISTY MARIE GLENN KNIGHT, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' BRIEF IN OPPOSITION
TO DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

COMES NOW Plaintiff, by and through her attorney of record and responds to Defendant's Motion for Summary Judgment as follows:

**I.     INTRODUCTION**

Plaintiff has brought claim pursuant the Fair Credit Reporting Act and associated State claims for Defendant's alleged impermissible access to Plaintiff's credit report. Defendant Christy Marie Glenn Knight is the new wife of Plaintiff's former husband, Kevin Knight.  Defendant at all times relevant to this matter worked as an inventory control assistant with the former Conseco Finance now known as Green Tree Servicing.  ( Defendant's Deposition P.6-7).  The Complaint alleges that Defendant Knight took advantage of her position at Green Tree Servicing to access Plaintiff's credit report.  Plaintiff contends that Defendant admitted to having performed a "skip trace" on the Plaintiff.  Defendant denies that she ever performed a "skip trace".  She also denies she pulled a credit report on Plaintiff in any way.

A.  **Summary Judgment Standard**

Under the provisions of Fed. R. Civ. P., 56 ( c), summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex v. Cattrett*, 477 U.S. 317 (1986). The movant "always bears the initial responsibility of informing the district court of the basis for its motion"... and ... must "demonstrate the absence of a genuine issue of material fact." *Id*.

After the movant has met its burden under Rule 56( c ), the non-movant must set forth "specific facts showing that there is a genuine issue for trial" *Id*. In ruling, the Court "must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); cited in *Reeves v. Thigpen*, 879 F.Supp 1153, 1166 (M.D.Ala. 1995).

In entertaining a motion for summary judgment, the court should review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party, but the court may not make credibility judgments or weigh the evidence. *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990). Although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence supporting the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses. 9A *C. Wright & A. Miller, Federal Practice and Procedure* § 2529, pp. 299-300 (2d Ed. 1995); *Reeves v. Sanderson Plumbing Products, Inc.*, 120 S.Ct. 2097 (2000).

B.  **Discussion.**

    **Fair Credit Reporting Act**

One of the primary reasons for enactment of the Fair Credit Reporting Act ("FCRA") was the protection of confidential information and individual privacy. 15 U.S.C. §1681(a)(4), (b). Due to these concerns for privacy, consumer reports can only be disseminated for certain designated purposes. The FCRA clearly defines the permissible purpose in §1681(b). Among the permissible purposes are inquires for the purpose of extending credit, anticipated employment, underwriting of insurance and certain licensing. Whether a use is permissible can be a question of law for the court. *Stonehart v. Rosenthal*, 2001 WL 910771, S.D.N.Y., Aug 13, 2001 (Not Reported in F.Supp.2d).

The FCRA does not itemize impermissible purposes. The unwritten rule seems to be that a user must have a permissible purpose for obtaining a report; all other uses are impermissible.

Evidence of the alleged credit pull is disputed. In the present case, Plaintiff claims that Defendant obtained Plaintiff's credit report for no permissible purpose. Plaintiff claims that the purpose of Defendant's impermissible pull of Plaintiff's credit is unknown but not linked to any attempt to acquire credit, obtain employment or obtain insurance. In defense, Defendant claims that she never obtained Plaintiff's credit report. She therefor offers no permissible purpose or reason for having pulled the credit report. The defendant, at all times relevant, worked for Conseco or the successor company Greentree. It is undisputed that Plaintiff's credit report was pulled by Conseco Finance. (Exhibit "A").

In her deposition, Plaintiff claims that the defendant admitted performing what is commonly referred to as a skip trace. The defendant defines a skip trace as obtaining public information regarding a specific person. (Defendant's Depo., P.9-10). The defendant also admits that her place of business does have the ability to pull credit "headings". (Defendant's Depo., P9). The defendant seems to distinguish the difference between "credit headings" and credit reports. (Defendant's

Depo., P8-9). Plaintiff plainly states that the defendant admitted to Plaintiff that she, the defendant, performed a 'skip trace'. "Christy gets on the phone and tells me, yes, I did it." (Plaintiff's Depo., P21). Again, "she (Defendant) tells me she - - she needs to do - - she did a skip trace to find my last three known addresses. For what reason is beyond me." (Plaintiff's Depo. P77). This dispute creates a genuine issue of material fact which remains unanswered.

Further questions of fact remain as to whether a "skip trace" involves personal private information and whether the defendant did indeed obtain the credit report. There is strong evidence that a credit report was obtained by someone at the defendant's workplace on June 9, 2003. (Exhibit "A"). To date, no explanation has been provided for this credit inquiry. Plaintiff states that she has never applied for credit with either Conseco or Greentree. (Plaintiff's Depo. P60-61).

### Invasion of Privacy

Alabama common law allows a plaintiff to sue for the tort of invasion of privacy. *Smith v. Doss*, 37 So.2d 118 (Ala.1948). Among the forms of invasion of privacy creating liability is wrongful intrusion into the plaintiff's solitude or seclusion or her private affairs or concerns. *Hogin v. Cottingham*, 533 So.2d 525 (Ala.1988). The present case involves allegations that the defendant, without legitimate cause and without permission, invaded the solitude or seclusion of Plaintiff by illegally obtaining Plaintiff's credit report. Although the facts are in dispute, assuming the defendant did obtain the credit report, information personal and confidential to Plaintiff would be contained therein. Obtaining such information without the permission of Plaintiff constitutes a "wrongful intrusion" as defined in *Hogan*. Further, for a person of ordinary sensibilities, such an intrusion into one's private activities may create damages in the form of mental suffering, shame, and/or humiliation for purposes of identifying damages. *Cunningham v. Dabbs*, 703 So.2d 979 (Ala.Civ. App. 1997). Plaintiff claims such damages in her Complaint. She reenforces her claim in her

deposition. (Plaintiff's Depo. P66-67).

### The Domestic Relations Matter

In her Motion for Summary Brief, Defendant alludes to the former marriage of Plaintiff to Defendant's husband. Defendant argues that this court lacks jurisdiction over domestic matters. Further, the defendant insinuates that this case is only a domestic matter. However, Plaintiff does not make any claim founded in domestic relations. Plaintiff's causes of action are based in a Federal statute, not common law domestic relations. Plaintiff also makes state law claims. These claims are not founded in domestic relations.

Defendant in no way refers to any claim by Plaintiff founded in domestic relations. It goes without stating that enforcement of a Federal statute for violation of the FCRA does not constitute a domestic matter. Furthermore, it goes without saying that this Plaintiff and this Defendant have never been husband and wife and there is no familial relationship.

Regardless, the relationship between the parties does not give rise to any permissible purpose for obtaining Plaintiff's credit report. There is no business relationship between the parties. There is no employment relationship between the parties. And, Plaintiff is not applying for insurance or credit through Defendant.

### Evidence.

Defendant claims that Plaintiff has failed to present substantial evidence that Defendant obtained Plaintiff's credit report. The record reflects that the company where Defendant worked at all times relevant was the account holder with Trans Union credit reporting agency. (Exhibit "A"). The record further reflects that Plaintiff's credit report was obtained by Green Tree/Conseco on June 9, 2003. (Exhibit "A"). The records reflects that Plaintiff has never attempted to obtain credit through Green Tree/Conseco and has not applied for or received insurance from Green

Tree/Conseco. (Plaintiff's Depo. P60-61). Further, the record reflects that Plaintiff alleges that Defendant admitted to Plaintiff that a credit report was obtained by Defendant. (Plaintiff's Depo. P.62-63). This last fact is disputed. Defendant claims that she made no such statement. (Defendant's Depo. P.12).

Truly the above-stated is the only evidence available. However, Plaintiff is of the opinion that this evidence both in fact and in circumstance equates to substantial evidence. Clearly the defendant had a motive. She is the new wife of Plaintiff's ex-husband. As admitted by the defense, there is an ongoing dispute between Plaintiff and her ex-husband regarding the payment of child support.

### Damages

In her Motion for Summary Judgment memorandum, Defendant claims that because Plaintiff cannot articulate a financial loss as the result of having her credit report improperly obtained, Plaintiff has suffered no damages. Defendant offers several quotes for Plaintiff's deposition to support her claim. However, Defendant is very selective in the transcript samples offered. Truly, Plaintiff admits that she suffered no tangible financial loss because she has not applied for credit and been refused based on the fact that her credit report had been impermissibly obtained. However, Defendant's selective application of the facts is not the standard by which damages are measured. Damages recoverable under the FCRA include humiliation or mental distress, even if the consumer has suffered no out-of-pocket losses, due to a denial of credit. *Consumer Credit Protection Act*, § 617, as amended, 15 U.S.C.. §1681o. *Acton v. Bank One Corp.*, 293 F. Supp. 2d 1092 (D. Ariz. 2003). Furthermore, Plaintiffs may recover for emotional distress damages that reasonable jury could award regardless of financial loss. *Consumer Credit Protection Act*, § 607(b), as amended, 15 U.S.C.. § 1681e(b), *Boris v. Choicepoint Services, Inc.*, 249 F. Supp. 2d 851 (W.D. Ky. 2003).

Where noncompliance with the FCRA is willful, 15 U.S.C. § 1681n allows the imposition of punitive damages.

Defendant fails to address the statutory penalties available. In instances of willful non-compliance Defendant is subject to a monetary fine plus attorney fees and costs. 15 U.S.C.1681(n). For negligent non-compliance, Defendant is subject to the cost of compensating actual damages plus attorney fees and costs. 15 U.S.C. 1681(o).

Defendant is not forthcoming in her memorandum. In fact, Plaintiff testifies to having suffered numerous emotional damages. (Plaintiff's Depo. P.66-67,69).

### Preemption.

The FCRA does not preempt state common law tort claims for invasion of privacy. The FCRA provides in relevant part that the act itself does not "annul, alter, affect, or exempt" any persons subject to the laws of a particular state from complying with the laws of that state. 15 U.S.C. 1681t(a). The FCRA does enumerate specific preemptions relevant to state statutes dealing specificically with state consumer rights laws. 15 U.S.C. 1681t(d). However, these specific preemptions are not relevant to common law tort claims. The general rule regard preemption is that the state statute must express an inconsistency with the FCRA such that the state statute is less restrictive or protective than the FCRA. Retail Credit Co. v. Dade County, 393 F.Supp. 577 9 (S.D. Fla. 1975)(preemption must look to see if state law consistent with all the express purposes of the FCRA).

The defendant in her Motion for Summary Judgment misapplies the FCRA qualified immunity provision. Qualified immunity in the FCRA applies solely to the furnishers of credit information not to misusers of information obtained from the credit report or from impermissible pulls of credit reports. 15 U.S.C. 169(a)(3). The FRCA provides protection to the furnishers of

information in a consumer report. These protections do extend to tort claims for defamation, invasion of privacy or negligence. The purpose of the protection is allow furnishers to work within the structure of the FRCA without fear of claims from the various states. 15 U.S.C. 1601-1693 and 15 U.S.C. 1681h(e).

In the present case there is no claim against a furnisher of information to a credit reporting agency. This case involves a third party obtaining the credit report without cause or permission. The referenced qualified immunity from tort liability as defined in the FCRA does not extend to third party non-furnishers.

### Claims Pursuant to Section 13A-8-192, Code of Alabama (1975).

Alabama law makes it a crime to commit identity theft. Alabama law defines the crime of identity theft relevant to this action as follows:

> "[a] person commits the crime of identity theft if, without the authorization, consent, or permission of the victim, and with the intent to defraud for his or her own benefit or the benefit of a third person, he or she ... obtains, records, or accesses identifying information that would assist in accessing financial resources, obtaining identification documents or obtaining benefits of the victim [or] obtains goods or services through the use of identifying identification of the victim."

The statute provides a civil remedy by way of an action for damages in § 13A-8-199. If the allegations of the Complaint are taken as true, clearly the defendant obtained the records and personal information from Plaintiff. The question relevant to the statute would be did the defendant obtain some benefit from the information she obtained. It is arguable that the defendant obtained an advantage over Plaintiff by using the wrongfully obtained information in the context of the domestic dispute between the Plaintiff's ex-husband and Plaintiff. Due to the fact that no such evidence was forthcoming in discovery. Any claims under this statute are at best week and

admittedly are due to be dismissed.

**C. Conclusion.**

For the foregoing reasons, Christine Ray Knight's Motion for Summary Judgment should be denied.

Respectfully submitted this the __27th__ day of March, 2006.

s/K. ANDERSON NELMS
K. ANDERSON NELMS
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
**andynelms@jaylewislaw.com**
ASB-6972-E63K
Counsel for Plaintiff

OF COUNSEL:
THE LAW OFFICES OF JAY LEWIS, LLC
847 S. McDonough Street
Montgomery, Alabama 36104
(334) 263-7733
fax: (334) 832-4390

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing on the following parties and/or counsel by placing a copy of the same in the United States mail, postage prepaid and properly addressed, or by electronic delivery on this_27th_ day of March, 2006.

David E. Allred

s/K. ANDERSON NELMS
K. ANDERSON NELMS
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@jaylewislaw.com
ASB-6972-E63K
