IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JULIE ANN MANGINA, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:05-cv-485-B |
| | ) |
| CONSECO FINANCE CORP., | ) |
| GREEN TREE SERVICING, LLC, and | ) |
| CHRISTY MARIE GLENN KNIGHT, | ) |
| | ) |
| *Defendants.* | ) |

### DEFENDANT KNIGHT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT / SUPPLEMENTAL SUBMISSION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

NOW COMES **CHRISTY MARIE GLENN KNIGHT**, defendant herein, and files this reply to Plaintiff Julie Ann Mangina's response to Knight's motion for summary judgment and supplemental submission in support of motion for summary judgment:

### ARGUMENT

In order to survive Knight's motion for summary judgment, Mangina cannot rest on her pleadings; rather, must set forth specific facts that there is a genuine issue for trial. Speculation, conjecture, or surmise will not suffice to defeat the defendant's motion for summary judgment. In *Jones v. Sonic Automotive, Inc.*, 2005 WL 1801415 (M.D. Ala. 2005), the district court, in granting summary judgment in favor of the defendant, cited the following:

> "Furthermore, the nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts.'

> [*Internal citation omitted*] 'Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the nonmovant.'" [*Internal citations omitted*] *Sonic Automotive, supra*, at p. 1.

As Plaintiff Mangina has failed to demonstrate that any question of fact exists, summary judgment is due to be granted in favor of Knight.

Julie Mangina concedes on deposition that:

1. She knows of no witness that can support her allegation in the complaint that Defendant Knight was in any way involved with the alleged credit report being generated (*Dep. of J. Mangina, p. 47*); and

2. That Mangina does not claim that Defendant Knight ever told Mangina that Knight requested a credit report on Mangina (*Dep. of J. Mangina, p. 21*).[1]

Notwithstanding these admissions, Mangina insists that Knight was somehow involved in generating a credit report on Mangina. In support of this contention, Mangina has offered a page from an alleged credit report denominated as "Exhibit A" in her response. Defendant Knight says that Exhibit A, alleging to be a page from Mangina's credit report, does not constitute evidence that Knight was somehow connected to the entry of the name, Conseco Finance Corporation, on Exhibit A, or that any action on the part of Knight caused

---

[1] Page 47  Q.  "Do you know of any witnesses that can support your allegations in the complaint that Christy Knight had something to do with this credit report being generated?"

          A.  "No."

(*Dep. of J. Mangina, p. 47*)

        Page 21  Q:  "Do you claim that Christy Knight ever said that she pulled a - - or requested a credit report on you?"

          A:  "No."

(*Dep. of J. Mangina, p. 21*)

a credit report to be generated. Mangina's argument, that because "Conseco" appears on her credit report, constitutes evidence that Knight caused the entry to be there, is an impermissible inference based on pure speculation and does not constitute evidence necessary to avoid summary judgment. Rather, Mangina must come forward with admissible evidence, not based on conjecture or speculation, in order to demonstrate that a fact question exists.

Attached hereto is the affidavit of Robert D. Eller, the Regional Manager for the Birmingham, Alabama office of Green Tree where Knight was employed of June, 2003. First of all, the Eller affidavit demonstrates that Knight did not have the capability from the Birmingham office of Green Tree to access or obtain a credit report. Hence, the evidence before this Court shows that what is being alleged by Plaintiff Mangina, (that Christy Knight "availed herself of the opportunity to run a credit report on the plaintiff. It is assumed that the credit report must be run through the associate company, Conseco" was, in fact, an impossibility. Defendant Christy Knight has testified that she did not have access to credit reports, did not know how to pull credit reports, and that no one in her office had access to credit reports. (*Dep. of C. Knight, p. 8*) Plaintiff Mangina candidly admits that Christy Knight never told Mangina that Knight requested a credit report (*Dep. of J. Mangina, p. 21*) and even when Plaintiff Mangina called the Birmingham office and spoke to an employee there about the alleged credit report, she was told by someone named Mandy that " . . . they cannot pull credit from their computers . . .". This fact is confirmed by the Eller affidavit in which Eller, as the regional manager, states affirmatively that Knight did not have the capability to access or obtain a credit report from the Green Tree office in Birmingham.

In *Kennedy v. Kelly Temporary Services, Inc.*, 95 F.Supp.2d 1288 (M.D.Ala.2000), the district court, in granting summary judgment in favor of the defendant for failure of proof, noted the following:

> "An action is void of a material issue for trial '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'"

*Kelly Temporary Services, supra*, at p. 1291.

> "...
> Rule 56(e) of the Federal Rules of Civil Procedure requires Plaintiff to 'set forth *specific facts* showing there is a genuine issue for trial.' FED.R.CIV.P. 56(e) (emphasis added). Plaintiff may not merely rest on his pleadings and survive summary judgment. *Id.* Moreover, '[s]ummary judgment cannot be avoided ... based on hunches unsupported with significant probative evidence.' *Raney v. Vinson Guard Service, Inc.*, 120 F.3d 1192, 1198 (11th Cir.1997). In other words, a plaintiff cannot interpose genuine issues of material fact with 'a mere inference based on speculation and conjecture.'"

*Kelly Temporary Services, supra*, at p. 1295.

In *Kelly Temporary Services*, the plaintiff claimed discrimination under the Americans With Disabilities Act. In finding that plaintiff's proof was insufficient to avoid summary judgment, the district court noted the following testimony, which was deficient as a matter of law:

> "Q.   And nobody at any of these places where you applied said that they had received a bad job reference from [KTS] about you, did they?
> A.   If they did, they didn't tell me about it.
>
>       . . . . .
>
> Q.   You don't suspect that they were telling these people anything about your disability.
> A.   I have no idea.
>
>       . . . . .
>
> Q.   So is there any reason why you think you didn't get that job because of [KTS]?

> A. All I can say is when they asked me for a resume, I would assume they went to check my references and after doing so, then I got a negative letter.
>
> . . . . .
>
> A. It would seem to me if a person asks you for your resume, they would check your references and check the most recent job you had first if that's all they had to go on. If I had an application, it would be different.
>
> Q. Is there any other reason why you know it's so other than that ?
>
> A. Even that's speculation, but I'm pretty sure.
>
> (Pl.'s Dep. at 66, 71, 128, 130.)"

*Kelly Temporary Services, supra,* at p. 1295.

The plaintiff, in *Kelly Services*, contended that the proffered testimony constituted a permissible inference that discrimination had occurred, however, the district court rejected that argument as based on speculation and conjecture citing numerous authorities.[2]

Plaintiff Mangina, in the instant case, bottoms her claim against Knight on pure speculation, conjecture, and surmise. That is, Mangina candidly admits that Knight has

---

[2] "*See also Bennett v. Parker*, 898 F.2d 1530, 1533-34 (11th Cir.1990) (A 'conclusory allegation' cannot defeat summary judgment.); *Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 597 (11th Cir.1987) ('[C]onclusory allegations of discrimination, without more, are not sufficient to raise an inference of ... intentional discrimination.'); *See, also Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1979, 1096 (6th Cir.1996) ('[R]umors, conclusory allegations, and subjective beliefs ... are wholly insufficient evidence to establish a claim of discrimination as a matter of law.'); *Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir.1996) ('[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden.'); *Lewis-Webb v. Qualico Steel Co.*, 929 F.Supp. 385, 392 (M.D.Ala.1996) ("'Inferences and opinions must be grounded on more than flights of fancy, speculations, hunches, intuitions or rumors.'") (quoting *Rand v. CF Indus., Inc.*, 42 F.3d 1139, 1146 (7th Cir.1994)); *St. Hilaire v. The Pep Boys-Manny, Moe & Jack*, 73 F.Supp.2d 1350, 1359 (S.D.Fla.1999) (A plaintiff's 'mere belief, speculation, or conclusory accusation that he was subject to discrimination will not suffice to create an inference of discrimination or satisfy his burden when responding to a properly supported motion for summary judgment.')"

*Kelly Temporary Services, supra,* at p. 1295.

never told Mangina that Knight pulled or requested a credit report on Mangina (*Dep. of J. Mangina, p. 21*), and that indeed she knows of no witnesses who could support her allegation in the complaint that Knight was involved in a credit report on Mangina being generated.

> Page 47 Q. "Do you know of any witnesses that can support your allegations in the complaint that Christy Knight had something to do with this credit report being generated?"
>
> A. "No."

(*Dep. of J. Mangina, p. 47*)

> Page 21 Q: "Do you claim that Christy Knight ever said that she pulled a - - or requested a credit report on you?"
>
> A: "No."

(*Dep. of J. Mangina, p. 21*)

Even more so telling, of a failure of proof, is Mangina's explanation as to how she makes the connection between the alleged credit report on which Conseco Finance Corporation is listed and how Defendant Knight was somehow involved in generating that report. First, Mangina says that the name of Conseco on Exhibit A: "It shows that her company's name is on my credit report." (*Dep. of J. Mangina, p. 17*) When asked further about how Mangina contends that Knight was involved in the credit report, Mangina stated: "I called the Birmingham office. I spoke to a woman named Mandy. She proceeds to tell me that they cannot pull credit from their computers . . . and Christy is the only one with access to my social security number." (*Dep. of J. Mangina, pp. 18-20*)

None of this testimony permits a reasonable inference that Knight either caused a credit report to be generated or that she was connected in any way with the alleged credit

report. That is, the fact that Conseco's name is on the credit report does not give rise to a reasonable inference that Knight caused the name Conseco to be on the report. Furthermore, when Mangina called Knight's office in Birmingham, she was told that "they cannot pull credit from their computers". Moreover, the entry on Exhibit A for Conseco Finance Corporation indicates that the requestor was in Rapid City, South Dakota, not Birmingham, Alabama, where Knight was employed.

Speculation cannot be substituted for proof in order to avoid summary judgment. In *Jones v. Sonic Automotive, supra*, the district court granted summary judgment in a Fair Credit Reporting Act case based on failure of proof stating:

> "However, this fact alone [obtaining a credit report on the plaintiff] is insufficient to allow a jury to infer that the unknown events that occurred between HMC's decision to approve Jones' application for credit and the salesman's statement that they couldn't get Jones into the Camry occurred because of a decision made from information contained in Jones' credit report. Certainly, '[o]n summary judgment the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion.' United States v. Diebold, Inc., 369 U. S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). However, 'speculation cannot be substituted for proof.' Williamson Oil Co.,Inc. v. Philip Morris USA, 346 F.3d 1287, 1316 (11th Cir.2003); see also Kennedy v. Kelly Temp. Servs., Inc., 95 F.Supp.2d 1288, 1293 (M.D.Ala.2000) ('plaintiff cannot interpose genuine issues of material fact with a mere inference based on speculation and conjecture'). Plaintiff cannot survive summary judgment by merely demonstrating that the possibility exists that Friendly Ford took action against Jones' based on her credit report; instead, she must demonstrate that such an inference can be reasonably drawn from established facts."

*Sonic Automotive, supra*, at p. 5. In the instant case, Mangina's proof is not sufficient to survive summary judgment inasmuch as between the proof offered (that a credit report was obtained) and the fact inferred (that Defendant Christy Knight brought about the

-7-

procurement of the credit report), the plaintiff's proof fails because it is based on pure speculation, conjecture, and surmise. As Mangina has failed to offer sufficient evidence to rebut Knight's summary judgment, all claims are due to be dismissed.

### INVASION OF PRIVACY

Knight cannot, as a matter of law, be held legally liable for damages regarding invasion of privacy when Mangina herself caused publication of the allegedly private information. Please look at Mangina's testimony on this issue:

| | | |
|---|---|---|
| Page 56 | Q. | "All right. Does anybody know about this fact that Conseco apparently shows upon your credit report besides you - - well, let me ask that first - - besides you?" |
| | Mr. Nelms: | "That you know of." |
| | Q. | "I guess you've told your lawyer. I would assume you did." |
| | A. | "Everybody I can find. Everybody that, you know - - everybody." |

(*Dep. of J. Mangina, p. 56*)

| | | |
|---|---|---|
| Page 57 | Q. | "Okay." |
| | MR. NELMS: | "Object to the form." |
| | Q. | "And is - - everybody you can find, is that - - does that mean that when you - -" |
| | A. | "Friends, family." |
| | Q. | "Okay. When you talked to friends and family - - that information about your credit report, do you - - that Conseco's on there, do you tell them about it?" |

-8-

> A. "I tell them."
>
> Q. "Okay. You're the one that publishes the information to people that don't otherwise know?"
>
> A. "Right."
>
> MR. NELMS: "Object to the form."
>
> Q. "Do you have any information that Christy Knight has published any information to anybody about your credit?"
>
> A. "No. I do not have that."
>
> MR. NELMS: "Object to the form."
>
> A. "No."
>
> Q. "How many people do you think you've told?"
>
> A. "Oh, a hundred."

(*Dep. of J. Mangina, p. 57*)

There is no evidence that Knight gave publicity to any of Mangina's credit information (actually, Mangina simply complains that the name "Conseco" appears on the credit report). Rather, Mangina herself told "a hundred" people about the entry on her credit report. (*Dep. of J. Mangina, p. 57*) Mangina has not presented evidence that Knight: gave publicity to private information about the plaintiff that violates ordinary decency; put the plaintiff in a false, but not necessarily defamatory position in the public eye; or that Knight appropriated some element of the plaintiff's personality for a commercial use. (*Norris v. Moskin Stores, Inc.*, 272 Ala. 174, 132 So.2d 321 (1961)).

## CONCLUSION

The premises considered, Defendant Knight's motion for summary judgment is due to be granted dismissing all claims.

Respectfully submitted,

_____
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Defendant
CHRISTY MARIE GLENN KNIGHT

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:  (334) 396-9200
Facsimile:  (334) 396-9977
E-mail:     dallred@allredpclaw.com
            callred@allredpclaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 3rd day of April, 2006 electronically filed the foregoing *Defendant Knight's Reply to Plaintiff's Opposition to Motion for Summary Judgment / Supplemental Submission in Support of Motion for Summary Judgment* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

Andy Nelms, Esq. at andynelms@jaylewislaw.com.

_____
OF COUNSEL